BENJAMIN W. DURANT, as Temporary Administrator of the Estate of JAMES M. DURANT, Deceased, Plaintiff, *v.* VINCENT MOORE, Defendant.

Supreme Court, Special Term, Kings County, June 28, 1950.

*Joseph C. Morris* for plaintiff.

*Fred G. Morritt* and *Morris Eisenstein* for defendant.

WALSH, J. This is an action by a temporary administrator of the grantor to set aside a deed executed by the grantor on April 14, 1949, to himself and the defendant as joint tenants. The property involved is a multiple dwelling. The grantor was the grand-uncle of the defendant grantee.

The following facts are relevant: on April 14, 1949, the deed in question was executed together with an affidavit hereinafter set forth. The defendant grantee contends that the deed and

affidavit were delivered to him on that date and he gave both papers to his mother, who retained them until May 25, 1949, when the deed was recorded by the defendant grantee.

The plaintiff contends that the deed was never delivered to the defendant grantee but was retained by the grantor and after the grantor died late on May 24, 1949, the grantee caused the grantor's safe to be opened and took the deed from the safe and had it recorded.

Since the court finds that the physical transfer of the deed on April 14, 1949, together with the affidavit, was not in fact a delivery, the court will not discuss the alleged removal of the deed from the safe. The court seriously doubts that the deed and the affidavit were handed to the defendant grantee by the grantor on April 14th. However, assuming such a fact was established by the evidence, the transaction did not constitute a valid delivery of the deed.

The grantee did not testify on his own behalf but he was called in rebuttal by the plaintiff. He then stated that the deed and affidavit were handed to him by the grantor on April 14th. The affidavit of the grantor reads as follows:

" JAMES M. DURANT, residing at #125 Bainbridge Street, Brooklyn, New York, being duly sworn, deposes and says:

" I have this day executed a Deed to premises No. 557–559 Franklin Avenue, Brooklyn, New York, to myself and to my grandnephew, VINCENT MOORE, who resides at 181 Hancock Street, Brooklyn, New York, as Joint Tenants. However, I have not had the Deed recorded for the reason that, even though it is my wish and desire that he (my grandnephew) should eventually own this property in the event that he survives me, nevertheless, *I am aware of the necessity for keeping full control over the said premises because it may become necessary for me to mortgage or to dispose of it.*

" I have had drawn a Will by my attorney, Henry E. Ashcroft, whose law office is located at 277 Broadway, New York City. In this Will, provision has been made so that it clearly appears that I have given, devised and bequeathed to my grandnephew hereinbefore mentioned the said parcel of real property above referred to.

" I have made this affidavit so that it may clearly appear to all and sundry persons that, without doubt, my grandnephew, the said VINCENT MOORE, is actually to come into possession of this property upon my death, *if I have not disposed of it.*" (Italics supplied.)

While the manual transfer of a deed to a grantee may be presumptive evidence of delivery, where the transfer is accompanied by written evidence that a present delivery was not intended, then the delivery, at least between the grantor and grantee, has not been accomplished. No third parties are here involved. (See 26 C. J. S., Deeds, § 41, p. 233, and 4 Tiffany on Real Property [3rd ed.], § 1033, *et seq.*)

It is apparent, in spite of some oral testimony offered on behalf of the grantee that the grantor not only kept full control, including possession of the property, but also retained the right to " mortgage and to dispose of it " which would be inconsistent with a present delivery of the deed. As set forth in the affidavit, the grantor did have a will drawn. While the will was not submitted to the court, other evidence established that the grantor deferred the signing of the will and in fact never executed it.

The affidavit indicates an intention to give the property to the grantee upon the death of the grantor if he, the grantor, had not previously disposed of it. It does not appear that the deed was intended to give the grantee title subject to a life estate of the grantor. The affidavit shows that there was no present intention to vest title in the grantee. The evidence shows that the grantor did not carry out his collateral intention to give the property to the grantee by will.

The plaintiff also seeks an accounting from the defendant.

Judgment is granted to the plaintiff cancelling and setting aside the deed and requiring the defendant to account from the 25th day of May, 1949. Settle judgment.