MATT SHUCK, Jr., by Stacia Shuck, his Guardian Ad Litem, Appellant, v. MATT SHUCK, Sr., Rose Kukla, as heirs at law of Nick Shuck, Deceased, John Valenchenko, Mary Franchuk, Lizzie Dvirnek, and Katie Fedorenko, as heirs at law of Rose Shuck, Deceased, Mathilda Kukla, also known as Mathilda Kukla Shuck, Public Welfare Board of North Dakota, Arnt Ree, and all other persons unknown, having or claiming an estate or interest in, or lien or encumbrance upon the real estate described in the complaint, whether as heirs, legatees, devisees, administrators, or executors of Nick Shuck, Deceased, or of Rose Shuck, Deceased, or otherwise, Respondents.

(44 NW2d 767)

Opinion filed November 9, 1950.

*T. F. Murtha,* for appellant.

*Floyd B. Sperry* and *H. L. Malloy,* for respondents.

GRIMSON, J. This is an action brought to quiet title to Lot Seven (7) Ree's Addition to Killdeer, Dunn County, North Dakota.

Plaintiff is a minor fifteen years of age. The District Court appointed his mother, Stacia Shuck, guardian ad litem to bring the action.

The defendants question the authority of the District Court to appoint a guardian ad litem. They claim that, because Section 111 of the Constitution of North Dakota gives the county court exclusive jurisdiction in the appointment of guardians, Chapter 28-03 NDRC 1943 giving the District Court authority to appoint guardians ad litem is unconstitutional.

The language used in Section 111 of the Constitution grouping together "the appointment of administrators and guardians, the settlement of accounts of executors, administrators and guardians, sale of lands by executors, administrators and guardians" indicates that a general guardianship is meant. The duties

of the general guardian are to take care of the person or property or both of a minor, make inventory of his property and reports to the court and to have general management of all affairs of the minor. The guardian ad litem has no such duties to perform. He is the representative of the court to look after the interests of a minor in a particular litigation pending. 43 CJS 275, Sec. 107. He neither has charge of the person nor property of the minor and is not accountable to the court except for the faithful discharge of his duties. Richter v. Leiby's Estate, 107 Wis 404, 83 NW 694. He occupies the position that the "next friend" did under the common law.

"When an infant appears as a party to an action pending before the court he becomes a ward of the court and it is its duty to see that his interest is protected." 27 Am Jur 833, Sec 114. "The power to appoint a guardian ad litem is inherent in every court of justice." 27 Am. Jur. 840, Sec. 120.

The offices of guardian ad litem and general guardian are separate and distinct. There is no conflict between Section 111 of the Constitution giving the county court general jurisdiction in the appointment of guardians and Chapter 28–03 NDRC 1943, authorizing the District Court to appoint a guardian ad litem.

The plaintiff claims title by warranty deed from one Nick Shuck and asks that the defendants set forth their claims against the property and that the validity thereof be determined. The defendant, Mathilda Kukla, sets forth her claim to the property by virtue of a quit claim deed from said Nick Shuck. The defendant, the Public Welfare Board, sets forth a claim against the property by virtue of old age assistance furnished Nick Shuck and his wife, Rose Shuck, while they occupied the property as a homestead.

The attempt to serve Arnt Ree by publication failed because the statute for service by publication was not strictly followed in that no sheriff's return as provided in subsection 4 of Sec. 28–0620 NDRC 1943, was filed. Roberts v. Enderlin Investment Co., 21 ND 594, 132 NW 145. Under the view we take of this case he is not a necessary party. His interest in the property, if any, is not involved in this action under the issues formed by the pleadings.

The other defendants default. The only apparent interest of such defaulting defendants is by way of their being heirs of Nick and Rose Shuck.

Thus all of the parties to this action derive whatever right and title they claim to this property from Nick Shuck. All that they seek is to have the validity and superiority of their respective rights determined.

On the trial in District Court some evidence was introduced by the defendants in an effort to show fatal defects in the chain of title prior to the time Nick Shuck obtained a deed to this property. This was objected to by the plaintiff on the ground, amongst others, that its admission would also affect defendants' title. The objection was overruled. The District Court held that evidence fatal to the title of Nick Shuck to the property and that, therefore, plaintiff secured no interest in the property by virtue of his deed from Nick Shuck. The action was, thereupon dismissed with prejudice. The plaintiff appeals asking a trial de novo.

The plaintiff and appellant assigns as error the admission of this evidence and the dismissal of the action on the findings based thereon. He argues that the only issue between the parties to this action is which one of them has superior right to Nick Shuck's interest in the property whatever that may have been.

The District Court's decision was based on the case of Company A. First Regiment National Guard Training School, a Corporation, v. State of North Dakota et al, 58 ND 66, 224 NW 661. In that case the action was dismissed as to the plaintiff because it was found to have no interest in the property. The plaintiff's claim of interest, however, did not arise from the same source as that of the defendants. The action itself was not dismissed but continued to determine the rights of the defendants under their claims which were not affected by the grounds which voided plaintiff's claims. The facts differentiate that case from the one at bar.

For the purpose of determining the validity and superiority of claims in issue in the case at bar it is not necessary to trace the derivation of title any further than the common source, Nick Shuck. He had prima facie interest in the property by

virtue of a warranty deed and possession sufficient to give any one who succeeded to his interest the right to maintain an action to determine the adverse claims here in issue. Sec 32–1701 NDRC 1943. See Annotation in 36 ALR 712. All that was necessary was to show a better title from the common source. That would not determine the title as against Arnt Ree but it would limit the right to bring an action for that purpose to the party who prevails in this action. If in this action any one of the parties were allowed to defeat Nick Shuck's title he would in the same breath defeat his own title and this action would be absolutely in vain. Both for convenience and justice the determination of claims arising from a common source should be permitted without an attack on the title of that common source. That is what the parties here ask for.

Sec 32–1710 NDRC 1943, provides that: "The court in its discretion shall find the nature and extent of the claim asserted by the various parties, and shall determine the validity, superiority, and priority of the same." Where the parties trace their title to a common source the "plaintiff need not show a title good as against the whole world, but only as against the defendant, and the one who has the superior title or equity must prevail." 51 CJ 174 Sec 76.

In Sec. 49, 44 Am Jur 39, the principle is laid down that "While the complainant may establish ownership of the property by deraigning title from the government that is not necessary where both complainant and defendant claim title through a common source." In Charles v. White, 214 Mo 187, 112 SW 545, it is said that "an action under the statute to determine title to real estate cannot be defeated by showing title which both parties claim was defective." In Williams v. Sand, 251 Mo 147, 158 SW 47, it is held that "Where both the plaintiff and defendant claim . . . a common source of title, . . . the only question is who has the better title from that common source."

In Gillium v. Bird, 30 NC 28, and 49 Am Jur 379, the court says: "Whenever in an action to recover land both parties claim (title) under the same person, neither of them can deny his right, then, as between them, the elder is the better title and must prevail." In Howard v. Twibell, 179 Ind 67, 100 NE 372,

there was a deed missing in the chain of title prior to the title of the common source. The court says: "As to this matter it is sufficient . . . that both parties claim through a common source of title, a common grantor in possession." See also Graton v. Holliday-Klotz Land & Lumber Co., 189 Mo 322, 87 SW 37; Stewart v. Cary, 220 NC 214, 17 SE2d 29, 144 ALR 1287, 51 CJ 174; West v. Peoples Bank, 67 Miss 729, 8 LRA 728; York v. James, 62 Wyo 184, 165 Pac2d 109, 162 ALR 730; Rouse v. Paidrick, 221 Ind 517, 49 NE2d 528; Patterson Land Co. v. Lynn, 27 ND 391, 147 ND 256.

In an annotation in 7 ALR 866, it is said of this rule that it "is one both of convenience and justice and is based on the principle that it does not lie in the mouth of one to dispute the title under which he claims."

The defendants argue that in an action to quiet title the plaintiff must recover on the strength of his own title not upon the weakness of the defendant's title. This court has often so held. See Conrad & Ross v. Adler, 13 ND 199, 100 NW 722; Brown v. Commonow, 17 ND 84, 114 NW 728; Robertson v. Brown, 75 ND 109, 25 NW2d 781. They argue that, therefore, they had a right to attack plaintiff's title, beyond the common source. As heretofore shown that is not necessary nor proper under the pleadings and evidence in the instant case. However, that rule still applies to the extent that the rights derived by the different parties from the common source are determined. The prevailing party must still show that the right he has derived from the common source is superior to that of the other parties. That is all that is involved in this action.

The objection of the plaintiff and appellant to evidence of title beyond the common source of all the parties is meritorious. Only the rights of the different parties, as between themselves, derived from their common source of title as claimed in the pleadings will be considered on this trial de novo and no determination made beyond that.

The record shows that on July 19, 1937, Nick Shuck, obtained title to the property here involved by warranty deed. He immediately went into possession. In April 1939, a warranty deed, dated August 2, 1937, from Nick Shuck and Rose Shuck, his wife,

as grantors, to Matt Shuck, Jr., as grantee, reciting considera-tion of $1.00 and other consideration including love and affec-tion, was recorded in Book 28 on Page 266 of the Records of the Register of Deeds of Dunn County. The record shows that said deed was signed by mark with no witness to the mark. The plaintiff claims title by virtue of that deed.

The answering defendants attack the delivery of this deed.

Delivery is essential to the validity of a deed. Sec. 47–0907 NDRC 1943. "Whether there was a delivery of a deed depends upon the intention of the grantor which is mainly a question of fact." O'Brien v. O'Brien, 19 ND 713, 125 NW 307. See also McGuigan v: Heuer, 66 ND 710, 268 NW 679; Magoffin v. Watros, 45 ND 406, 178 NW 134.

"Words or conduct of the grantor evidencing his intention to render his deed presently operative and effectual so as to vest the estate in the grantee and to surrender control over the title is necessary and sufficient to constitute delivery." 26 CJS 233, Sec 41. See also Keefe v. Fitzgerald, 69 ND 481, 288 NW 213.

"It is essential to a valid delivery that there be some act or declaration from which an intention to pass title may be inferred and this is true although the grantee is of very im-mature years." 41 CJS 235.

The burden of proof is on the plaintiff to prove delivery. His title depends on that. O'Brien v. O'Brien, supra; Magoffin v. Watros, supra.

This deed was not executed in accordance with statute since there was no witness to the mark. It was dated August 2, 1937. The Notary's certificate is dated April 17, 1939. "A deed will not be regarded as delivered while anything remains to be done by the parties who propose to deliver it." 16 Am Jur 501, Sec. 113. Before this deed would be complete it would have to be acknowledged. McKee et al. v. Buck et al., 72 ND 86, 4 NW2d 652, 1 Am Jur 325, Sec 23. In the meantime the grantor, Nick Shuck, applied for old age assistance on July 27, 1938, in which application he claimed to have an interest in this land. The grantee, Matt Shuck, Jr., was born April 19, 1935. No guardian for him was ever appointed. The deed was recorded April 19,

1939. Where it was in the meantime or who filed it for record or where it had been since was not shown.

The deficiency in the execution of the deed, the lack of consideration, the infancy of the grantee, the delay in the acknowledgment and recording, the claim of the grantor that he had an interest in the land almost two years after the date of the deed and that he remained in possession of the property, are circumstances to be considered in determining the intent of the grantor, Nick Shuck. They all indicate a lack of intent on his part to make the deed presently effective.

There is nothing to show who had the deed recorded, nor that the grantor consented to have it recorded. The grantee, four years old, could not have done it. No possession of the deed in him was ever shown. His father, Matt Shuck Sr., and his mother, Stacia Shuck, his guardian ad litem, are very evasive in their testimony regarding their having possession of the deed. Even if the inference from their testimony is that they had, there is no evidence as to how or when it came into their possession. Nick Shuck learned from the Public Welfare Board that the deed had been recorded. Shortly thereafter he appeared with his son, Matt Shuck, Sr., in the office of the State's Attorney of Dunn County. An attempt was there made to transfer the property back to Nick Shuck. Matt Shuck Sr. signed his son's name, Matt Shuck Jr., and his own as father and guardian to a deed transferring the property back to Nick Shuck. That would indicate a lack of intent on the part of Nick Shuck to vest title in the plaintiff. These circumstances overcome any presumption of delivery from the recording.

We do not believe the evidence shows even constructive delivery. Sec 47-0909 NDRC 1943 provides for constructive delivery in the following cases: "1. When by the agreement of the parties the instrument is understood to be delivered at the time of the execution and the circumstances are such that the grantee is entitled to immediate delivery, or 2. When it is delivered to a stranger for the benefit of a grantee and his assent is shown or may be presumed." There is no evidence of an agreement between the grantor and grantee that the deed was delivered and because of the youth of the grantee there

could be no such agreement. Neither were the circumstances such as to entitle him to delivery. There is no evidence of any consideration passing from him or anybody for him for that deed. And there is no evidence of delivery to a stranger for the benefit of the grantee.

In the case of McManus v. Commow, 10 ND 346, 87 NW 8, Commow executed a deed to his daughter, Suzanne, four years of age, but held that deed in his possession for seven years when he had it recorded. The Court says: "Suzanne, being a mere infant at the time, could not enter into an agreement except through a guardian and there is no evidence of any such agreement having been entered into. Second, such agreement must have been made 'under circumstances which should entitle the grantee to immediate delivery.' The record discloses no circumstances surrounding the execution of this deed which would entitle Suzanne, the grantee, to an immediate delivery. She had parted with nothing, and there is no theory upon which she could compel a delivery. It is, therefore, manifestly true that there was no delivery, either actual or constructive of this deed and hence Suzanne acquired no title to the land in controversy." That seems to apply as well to the deed questioned in the case at bar. The plaintiff failed to show a delivery of the deed and therefore gained no title by said deed.

Since Matt Shuck Jr. obtained no title by the deed from Nick Shuck under which he claims, he had no title to transfer back to his grandfather, Nick Shuck, by the deed which his father, Matt Shuck, Sr. attempted to make for him and which is recorded in Book 32, page 37, of the Register of Deeds Records of Dunn County. Besides the evidence shows that he neither signed nor acknowledged, nor in any manner authorized that deed to be made by his father. Matt Shuck Sr. was not his legally appointed guardian and, although a parent, he had no control of the property of this child. Sec 14–0916 NDRC 1943, 46 CJ 1315, Sec 138, 39 Am Jur 628, Sec 33. That attempted deed was void.

Nick Shuck had been granted old age assistance on April 10, 1941 under Chapter 211 SL 1937, Sec 50–0707 NDRC 1943. Thereafter a homestead statement under Sec 22 of said chapter

was duly executed by the Executive Director of the Public Welfare Board of North Dakota and recorded in the Office of the Register of Deeds of Dunn County, North Dakota, on May 12, 1941, in Book 20; on page 413. The Public Welfare Board is entitled to all the rights against this property granted to it by said chapter for the old age assistance furnished by it to Nick Shuck and Rose Shuck, his wife.

That leaves for consideration the claim of Mathilda Kukla, otherwise known as Mathilda Kukla Shuck. She kept house for Nick Shuck the last month of his life. They had obtained a license to marry but he died before the ceremony was performed. He, however, gave her a quit claim deed to the premises here involved, dated April 14, 1948, recorded, after Nick Shuck's death, in Book 38, page 64 of Quit Claim Deeds in the Office of the Register of Deeds of Dunn County, North Dakota.

Sec 22 of Chapter 211, SL 1937, Sec 50–0707 NDRC 1943, provides that "after the recording of the homestead statement, any instrument or encumbrance executed by such applicant for old age assistance without the approval of the state agency shall be null and void." The homestead statement had been filed long before the issuance of that deed. The Public Welfare Board did not consent to its execution. Mathilda Kukla was well aware that Nick Shuck was receiving old age assistance. That deed is null and void under the statute.

It follows that the title to Nick Shuck's interest in the property involved is in his legal heirs subject to the claim of the Public Welfare Board of North Dakota, for old age assistance furnished Nick Shuck and Rose Shuck according to law.

The case is reversed and remanded to the District Court with directions to render judgment in accordance herewith.

NUESSLE, C. J., and CHRISTIANSON, MORRIS and BURKE, JJ., concur.