**FIRST NATIONAL BANK IN MINOT, as Administrator of the Estate of Gust Bloom, Deceased, Plaintiff and Appellee,**

v.

**Edgar BLOOM, Defendant and Appellant.**

**Civ. No. 9407.**

Supreme Court of North Dakota.

March 15, 1978.

District Court quieting title to 360 acres of land in Mountrail County in the First National Bank in Minot (hereinafter Bank), as administrator of the estate of Gust Bloom. The court held that Edgar's claim to the land was null and void.

The dispute in this case involves the effect of a warranty deed dated October 20, 1958, signed and acknowledged by the decedent, Gust Bloom, naming Edgar (one of his nephews) as the grantee of the 360 acres. This deed was found on or about January 27, 1975, when Gust's safety deposit box in a bank was entered by order of the county court. The deed was found in a sealed envelope on which was typed: "To be delivered to Edgar Bloom upon my death." Edgar recorded this deed on January 28, 1975.

Gust died on January 15, 1975, without a will. The Bank was appointed administrator of the estate on March 3, 1975, and commenced this quiet title action against Edgar in the district court on November 29, 1976. The Bank contends that there was no actual or constructive delivery of the deed to Edgar and that therefore the deed has no effect.

Edgar on the other hand contends that in considering all the circumstances of this case there was constructive delivery of the deed with Gust reserving a life estate in the land. He contends that the intent of Gust that Edgar own the land is shown by the evidence in this case.

Gust purchased the land in question in the spring of 1958. That fall, he moved in to live with Edgar and his wife in their home. He continued to live with them until September 1, 1973, when he moved into a nursing home. Gust paid Edgar for his room and board only during the last nine months of his stay with them.

From 1959 until 1974 Edgar farmed the land with the crop being split on a 50–50 basis with Gust. Gust paid the taxes on the land and helped farm the land for the first few years. Under their farming arrangement Gust was to furnish the seed and pay half of the combining expenses. Instead, in return for Gust's labor during the first few

Ella Van Berkom, Minot, for defendant and appellant.

Pringle & Herigstad, Minot, for plaintiff and appellee; argued by Herbert L. Meschke, Minot.

ERICKSTAD, Chief Justice.

This is an appeal by Edgar Bloom (hereinafter Edgar), defendant and appellant, from the judgment of the Mountrail County

years, Edgar furnished the seed and paid for all the combining.

■ To show Gust intended to give the land to him, Edgar relies on certain statements made by Gust. Edgar testified to several conversations he had with Gust concerning the ownership of the land.[1] The first conversation he testified to took place in 1963 just before Gust flew to Sweden. A pertinent part follows: "And so he said, 'Sell the grain, and you keep the money' he said, 'because if something should happen to me, why the land is yours.'"

The second conversation relating to the ownership of the land occurred in 1972 according to Edgar. Edgar had just had three surgeries and had doubts about whether he could continue farming. Edgar testified that the following conversation occurred at this time.

"We couldn't make it to rent the land out because I just had two quarters. If I had three, four quarters, why I would rent out and I think we could get by.

"And he, my uncle, said, 'Don't worry,' he said, 'about that, because when I go the land will be yours.'"

Edgar also testified that a couple times after that he had told Gust that he did not know if he could continue to farm. In response to that, Edgar testified that Gust said:

"[A]fter I am gone, the land will be yours, . . . So try and continue."

Finally, Edgar testified that he had been at the bank box with Gust in July of 1974 and in August of 1974. Edgar testified that at that time in August he had the following conversation with Gust:

"I asked him if he should happen to go while we had—if he had anything fixed out. And he said, 'Yes.' He said, 'Everything is fixed out,' he said, 'so there wouldn't be very little estate tax or anything and no trouble,' he said."

From this evidence, Edgar, in his brief, contends that "it was the intention of Gust Bloom that Edgar Bloom own the land." We assume Edgar meant that Gust intended that Edgar own the land during Gust's lifetime.

In *Frederick v. Frederick,* 178 N.W.2d 834 (N.D.1970), we said:

"*Under North Dakota law, conveyance by deed takes effect upon delivery of the deed by the grantor.* Sec. 47–09–06, N.D. C.C. Such delivery may not be conditional, but must be absolute. Sec. 47–09–07, N.D.C.C. Whether there has or has not been delivery of a deed may be determined from the intention of the grantor. *McGuigan v. Heuer,* 66 N.D. 710, 268 N.W. 679. And such delivery may be inferred from some act or declaration of the grantor. *Shuck v. Shuck,* 77 N.D. 628, 44 N.W.2d 767. *Unless there has been a delivery of the deed, the deed is of no effect. Stark County v. Koch,* 107 N.W.2d 701 (N.D.1961)." (Emphasis added.) 178 N.W.2d at 837.

Thus the critical issue in this case is whether or not there was actual or constructive delivery of the deed. The district court found that there was no actual or constructive delivery of the deed. The pertinent findings read:

"VII

"There was no actual delivery of the deed by the decedent during his lifetime, because the decedent retained possession of the deed.

"VIII

"There is no evidence to show constructive delivery of the deed by the decedent during his lifetime."

■ Whether or not there was actual or constructive delivery of a deed is a question of fact. *See Stark County v. Koch,* 107 N.W.2d 701, 705 (N.D.1961), and *Shuck v. Shuck,* 77 N.D. 628, 635, 44 N.W.2d 767, 772 (1950). Thus the findings of fact of the district court that there was no actual or constructive delivery of the deed will be upheld by this court unless we find that

---

1. This testimony, even if objected to (it was not in this case), is admissible as evidence because the "Dead Man's" statute, Section 31–01–03, N.D.C.C., was superseded by Rule 601, N.D. R.Ev.

these findings are clearly erroneous. Rule 52(a), N.D.R.Civ.P.

This case is very similar to *Frederick v. Frederick, supra.* In *Frederick,* the defendants asserted that there had been constructive delivery of the deeds in question. The trial court found that there was constructive delivery and on appeal we overturned that finding. A significant part of that opinion reads:

> "Thus it was incumbent upon the defendants to show constructive delivery. The record is devoid of any evidence showing that the grantor had any intention to part with dominion or control over these deeds or to vest title to the property in the grantees. In fact, the record is clear that his intention was exactly the opposite. *He retained possession of the deeds in his bank box, retained the keys to the box in his own possession, and paid the taxes on the land for the intervening years until his death. The grantees did not even know about the deeds at the time they were executed. The defendants claim that he told them, on separate occasions thereafter, that deeds had been prepared and had been placed in his safety-deposit box, and that the keys to the box were in his possession at his home so that if anything should happen to him, the grantor, the grantees would be given the property. But there was no delivery of the deeds.* There was no intention on the part of the grantor to constructively deliver them, since title to the property was not to pass immediately. Had the grantees brought an action to recover the deeds at that time, they clearly would have been unsuccessful because the grantor had retained dominion and control over them. In order that the court may find constructive delivery of the deeds, some evidence must be presented to show that the grantor intended that title to the property should pass to the grantees at the time of execution of the deeds. Constructive delivery may not be based upon mere conjecture. *Kirby v. Hulette,* 174 Ky. 257, 192 S.W. 63." (Emphasis added.) *Frederick v. Frederick, supra,* 178 N.W.2d at 838.

*See also Black v. Black,* 58 N.D. 501, 226 N.W. 485 (1929).

██ In this case, we cannot agree with Edgar that there was constructive delivery of the deed to him. Just as in *Frederick,* Gust retained possession of the deed in his bank box, retained the keys to the box in his possession, and paid taxes on the land until he died. The statements of Gust testified to by Edgar are also consistent with Gust retaining a fee ownership in the land. The statements were, "after I'm gone", or "if something should happen to me", or "when I go".

That there was no constructive delivery of the deed in this case can be seen even more clearly when Section 47–09–09, N.D. C.C., on constructive delivery is examined. That section reads:

> "Though a grant is not actually delivered into the possession of the grantee, it is yet to be deemed constructively delivered in the following cases:
>
> 1. When, by the agreement of the parties, the instrument is understood to be delivered at the time of execution and the circumstances are such that the grantee is entitled to immediate delivery; or
>
> 2. When it is delivered to a stranger for the benefit of a grantee and his assent is shown or may be presumed."

In this case, subsection (2) obviously does not apply as there was no delivery of the deed to a stranger. It is also clear that subsection (1) is not applicable either. For subsection (1) to apply, the parties, the grantor and grantee, would have had to agree at the time of the execution of the instrument that the instrument was delivered. In this case, Edgar did not know of the execution of the deed until many years thereafter. In addition, for subsection (1) to apply, the circumstances would have had to have been such that the grantee was entitled to immediate delivery of the instrument. In this case, Edgar was never in a position to demand or secure immediate delivery of the deed during Gust's lifetime.

In light of the above, we conclude that the findings of the trial court that there was no actual or constructive delivery of the deed are not clearly erroneous.

Edgar also relies on Section 30.1–31–14, N.D.C.C. (U.P.C. 6–201), to support his contention that the deed to Edgar in this case effectively conveyed the property to him. That section reads:

"1. Any of the following provisions in an insurance policy, contract of employment, bond, mortgage, promissory note, deposit agreement, pension plan, trust agreement, conveyance, or any other written instrument *effective as a contract, gift, conveyance, or trust* is deemed to be nontestamentary, and this title does not invalidate the instrument or any provision:

a. That money or other benefits theretofore due to, controlled or owned by a decedent shall be paid after his death to a person designated by the decedent in either the instrument or a separate writing, including a will, executed at the same time as the instrument or subsequently.

b. That any money due or to become due under the instrument shall cease to be payable in event of the death of the promisee or the promisor before payment or demand.

c. That any property which is the subject of the instrument shall pass to a person designated by the decedent in either the instrument or a separate writing, including a will, executed at the same time as the instrument or subsequently." (Emphasis added.) § 30.1–31–14(1), N.D.C.C. (U.P.C. 6–201(1)).

 The key part of that section for this case is the phrase "effective as a contract, gift, conveyance, or trust". There is nothing in that section of the Uniform Probate Code or any other section of the Century Code which eliminates the necessity of delivery of a deed to effectuate a conveyance from one living person to another. *See* Sections 47–09–06 and 47–09–01, N.D.C.C. In this case, we have upheld the finding of the district court that there was no actual or constructive delivery of the deed, and therefore the deed is not effective. Accordingly, Section 30.1–31–14, N.D.C.C., is not applicable in this case.

The judgment of the district court is therefore affirmed.

VOGEL, PEDERSON, PAULSON and SAND, JJ., concur.