**John T. JORGENSEN, Plaintiff,**

and

**Beulah Jorgensen, Plaintiff and Appellant,**

v.

**Leslie J. CROW and Donna R. Crow, Defendants and Appellees.**

Civ. No. 900296.

Supreme Court of North Dakota.

Feb. 21, 1991.

James J. Coles of Wheeler Wolf, Bismarck, for plaintiff and appellant.

Albert J. Hardy of Howe, Hardy, Galloway & Maus, Dickinson, for defendants and appellees.

LEVINE, Justice.

Beulah Jorgensen appeals from a judgment dismissing her amended complaint to cancel a warranty deed and contract for deed, and granting a money judgment to Leslie Crow and Donna Crow for pasture rental. We reverse and remand for entry of judgment.

This appeal involves a sale of ranchland. Beulah Jorgensen and her late husband, John,[1] agreed to sell 1040 acres of ranchland to their nephew, Leslie Crow, and his wife. After an appraisal by the Federal Land Bank of Dickinson (FLB) setting the value of this land at $153,000, the Crows applied for a loan of $93,000 from FLB. The Crows' loan application indicates a purchase price of $150,000, with an $85,000 cash payment financed by FLB and a contract for deed from the Jorgensens covering the $65,000 balance. The application also shows that the Crows intended to operate the land as landlords, renting it to Beulah Jorgensen.

In preparation for the sale, Beulah Jorgensen had an attorney prepare a warranty deed and a contract for deed. After reviewing the deed and contract for deed, she returned the contract to the attorney for redrafting to include a mineral reservation. The warranty deed was not changed. Prior to the loan closing, Beulah and John Jorgensen signed the warranty deed and contract for deed. At the January 31, 1985 closing, Leslie and Donna Crow signed the contract for deed, which called for equal yearly installments of $10,128.31, payable the first of each year, until the $65,000 balance had been paid with interest. The contract also provided that the Jorgensens would convey title to the land by warranty deed when the contract was completed and the Crows had fulfilled its provisions. The contract for deed was recorded the day of the closing.

Beulah Jorgensen attended the loan closing and sat at a conference table with the

---

1. The record does not indicate John Jorgensen's date of death. Neither Rule 43(a), NDRAppP, nor Rule 25, NDRCivP, has been followed. Both provide for substitution of a representative upon death of a party. Because our disposition does not prejudice the estate of John Jorgensen, we decide this appeal but direct the attorney for the plaintiffs to comply with the appropriate rule immediately.

Crows and a FLB loan officer. The warranty deed was on the table at the closing. Leslie Crow picked it up, examined it, and put it with his loan papers. Crow took the deed when he left the closing.

In 1985, Jorgensen used the property to pasture her cattle, and in exchange, the Crows asked for and were given a receipt for the 1985 land payment of $10,128.31. The Crows recorded the warranty deed in February 1986. In 1986 and 1987, Jorgensen pastured her cattle on the ranchland, but she did not give the Crows receipts showing satisfaction of the yearly contract installment payment.

In May 1988, Jorgensen put her cattle on the property. The Crows attempted to remove the cattle, claiming that Jorgensen had no right to use the property. Jorgensen brought this action, asking that the recorded warranty deed be set aside. Jorgensen also sought, and received, a temporary restraining order preventing the Crows from interfering with her use of the land.

The Crows answered, claiming that the warranty deed had been delivered to them and that they had satisfied the contract for deed. They counterclaimed for damages covering Jorgensen's occupation of the land in 1988, and sought a restraining order excluding Jorgensen from the land. After a hearing, the trial court dissolved Jorgensen's restraining order and entered an order restraining Jorgensen from interfering with the Crows' use of the land. Jorgensen filed an amended complaint, adding a request for reformation of the deed to include a mineral reservation. The parties stipulated to the addition of the mineral reservation.

After a bench trial, during which Jorgensen and the Crows testified, the trial court found that the warranty deed had been delivered to Leslie Crow and that Jorgensen failed to rebut the presumption that the delivery was lawful. The court also found that the purchase price was $85,000 in cash and three years' use of the pasture by Jorgensen, and that Jorgensen had received full payment. Finally, the court found that the parties had stipulated that

the deed should include a mineral reservation. The trial court dismissed Jorgensen's complaint, quieted title in the Crows, entered a judgment against Jorgensen for the value of pasture usage during the 1988 season, and reformed the deed to include a mineral reservation.

Jorgensen appeals, raising several issues, two of which are dispositive. Jorgensen contends that the court's finding that the warranty deed had been delivered to Leslie Crow is clearly erroneous. She also argues that the court erred in applying the parol evidence rule.

The trial court found that the warranty deed had been delivered to the Crows. The question of whether there was actual or constructive delivery of a deed is a question of fact. *First Nat'l Bank v. Bloom*, 264 N.W.2d 208 (N.D.1978). Findings of fact shall not be set aside unless clearly erroneous. NDRCivP 52(a). A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Peterson v. Front Page, Inc.*, 462 N.W.2d 157 (N.D.1990).

■ The interest transferred by a deed does not vest until there is a delivery of the deed. NDCC § 47-09-06. Absent a delivery of the deed, the deed is of no effect. *Bloom, supra.* The recording of a deed may create a rebuttable presumption of its delivery to, and its acceptance by, the grantee. *CUNA Mortgage v. Aafedt*, 459 N.W.2d 801 (N.D.1990). The presumption must be rebutted with clear and convincing evidence. *Adams v. Little Missouri Min. Assoc.*, 143 N.W.2d 659 (N.D.1966). However, the fact a grantee has possession of a deed does not mean that there was a delivery, unless the grantor intended delivery. *Arhart v. Thompson*, 75 N.D. 569, 31 N.W.2d 56 (1948). There must be some act or declaration from which an intent to pass title may be inferred. *Shuck v. Shuck*, 77 N.D. 628, 44 N.W.2d 767 (1950).

■ Leslie Crow testified that he picked up the signed warranty deed during the loan closing, examined it, and placed it

with his papers. Jorgensen, however, testified that she did not give the warranty deed or intend to deliver it to the Crows at the loan closing. There was also written evidence that Jorgensen did not intend to deliver the deed. The contract for deed that the Crows signed at the loan closing stated that the warranty deed would be conveyed "[w]hen the contract is completed and the provisions are fulfilled...." When two instruments have been executed at the same time, by the same parties, in the course of the same transaction, and covering the same subject matter, they must be read and construed together. *Trengen v. Mongeon*, 206 N.W.2d 284 (N.D.1973). Under the terms of the contract for deed and the warranty deed, the Crows were not entitled to the deed until full consideration had been given. In addition to the $85,000 paid to Jorgensen at the closing, the contract called for yearly installments of $10,128.31, until a balance of $65,000 had been paid with interest. None of the payments had been made when Leslie Crow took possession of the deed. The trial court's finding that a lawful delivery had been made necessarily includes a finding that Jorgensen intended to deliver the deed at the loan closing. There was, however, no act or declaration from which an intent to pass title could be inferred. Reviewing this record, we are left with a definite and firm conviction that it was a mistake for the trial court to find a "lawful delivery" when the manual transfer of a deed was accompanied by written evidence that no present delivery was intended. *See Durant v. Moore*, 198 Misc. 564, 102 N.Y.S.2d 382 (N.Y.Sup.Ct.1950) [deed cancelled in spite of manual transfer to would-be grantee when writing evidenced no present intent to deliver]. The trial court's finding that the warranty deed was lawfully delivered to the Crows is clearly erroneous.[2]

■ Jorgensen argues that the trial court erred when it admitted parol evidence to vary the terms of the contract for deed. We agree.

The decision to admit parol evidence is a determination of law and is, therefore, fully reviewable on appeal. *First Nat'l Bank v. Burich*, 367 N.W.2d 148 (N.D.1985). The trial court let in the Crows' testimony that Jorgensen intended to sell, and they intended to buy, the land for $85,000, plus three years of pasture use by Jorgensen. This contradicts the contract for deed and the warranty deed, which read together, stated the purchase price was $150,000 payable in a down payment of $85,000 and the $65,000 balance in yearly principal and interest payments of $10,128.31.

The trial court was correct when it said that contracts must be interpreted to give effect to the mutual intent of the parties. NDCC § 9–07–03. Generally, that mutual intent must be ascertained from the written contract itself. NDCC § 9–07–04. This is consistent with the parol evidence rule which says: "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." NDCC § 9–06–07. Parol evidence cannot vary or contradict the terms of a complete, written contract adopted as a definite expression of the parties' agreement. *Gajewski v. Bratcher*, 221 N.W.2d 614 (N.D.1974). A court may look to parol evidence of intent when the written contract is ambiguous, *Stracka v. Peterson*, 377 N.W.2d 580 (N.D. 1985), or when it does not reflect the parties' intent because of fraud, mistake or accident, NDCC § 9–07–05. None of these exceptions to the parol evidence rule applies here. There is no allegation of ambiguity and the Crows did not attempt to prove fraud, mistake or accident. Both parties agree that the issue of fraud was not briefed, argued or decided by the trial court despite the Crows' testimony that they used the stated $150,000 purchase

---

**2.** Because we reverse the trial court's finding that the January 31, 1985 warranty deed had been lawfully delivered, that part of the judgment reforming the warranty deed to include a reservation of minerals is unnecessary. The contract for deed calls for a reservation and the warranty deed drawn when the contract is satisfied will, presumably, include the mineral reservation.

price solely to secure the $85,000 FLB loan. The FLB loan officer testified that FLB would loan only 65 percent of the appraised value. The Crows testified they intended to get as much cash from FLB as possible. Nor did the Crows raise the issue of mistake or accident. Their defense appears to have rested on the presumptive validity of the recorded warranty deed. Leslie and Donna Crow admit signing the contract for deed, and Leslie Crow signed the declaration of full consideration on the warranty deed which stated a purchase price of $150,000. We conclude the trial court violated the parol evidence rule when it admitted evidence that varied the purchase price of the contract for deed.

The trial court may have been confused by the fact that both sides indicated the contract for deed did not reflect the whole agreement between the parties. The parol evidence rule presupposes that the written contract incorporates the entire subject matter of the prior negotiations and the rule does not preclude the possibility that a contract is partly oral and partly written. *Odegaard v. Investors Oil, Inc.*, 118 N.W.2d 362 (N.D.1962). The Crows testified that the parties intended Jorgensen's use of the pasture to substitute for yearly cash payments. Jorgenson did not dispute this. In fact, she offered a receipt dated January 16, 1986 for $10,128.31. Jorgensen and the Crows testified that the receipt was given in exchange for Jorgensen's use of the pasture during 1986. The contract for deed provided that the principal balance would be paid "in equal yearly installments of Ten Thousand and One Hundred Twenty–Eight and 31/100 Dollars ($10,128.31) payable the first day of each year beginning with January 1, 1985, continuing until the entire sum is paid." The contract does not specify the form of the payment, *i.e.*, certified check versus some other form of payment.

Accordingly, the trial court did not err when it admitted testimony of a prior oral agreement that the yearly payment due under the contract for deed would be satisfied by one season's use of the pasture because that testimony does not contradict a term of the written contract.

Based on that testimony that the annual payment could be satisfied by the use of the pasture and based on the receipt for the first year's payment, the trial court made a finding, unchallenged on appeal, that the value of one year's pasturage is $10,128.31. However, based on the improperly admitted testimony that varied the purchase price of the contract for deed, the trial court erroneously concluded that the total consideration due under the contract had been paid.

We reverse the judgment of the trial court, remand for a determination of the balance remaining due on the contract, and for entry of a new judgment consistent with that determination and this opinion.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.