**WATKINS PRODUCTS, INC., a corporation, Plaintiff and Respondent,**

v.

**Robert F. COYLE, Jr., and Robert F. Coyle, Defendants, and Anna M. Coyle, Defendant and Appellant.**

**Civ. No. 8748.**

Supreme Court of North Dakota.

Oct. 22, 1971.

C. J. Schauss, Mandan, for defendant and appellant.

Conmy, Conmy, Rosenberg, Lucas & Olson, Bismarck, for plaintiff and respondent.

PAULSON, Judge.

This is an appeal from a judgment of the district court of Sioux County in favor of the plaintiff, Watkins Products, Inc. [hereinafter Watkins], and against the defendant, Anna M. Coyle [hereinafter Mrs. Coyle]. A demand for trial de novo has been made.

The action arose by virtue of a contract entered into on October 19, 1964, wherein Watkins, a foreign corporation engaged in the sale of merchandise through independent dealers, undertook to furnish merchandise to Robert F. Coyle, Jr., Mrs. Coyle's son. As part of the same contract, Mrs. Coyle and her husband, Robert F. Coyle (who died prior to the commencement of this action), agreed "jointly, severally and unconditionally" to act as sureties for Robert F. Coyle, Jr., to the extent of $2,000. The contract which Mrs. Coyle signed stated that the agreement would not be binding on any of the parties until accepted by Watkins at its home office.

The contract entered into is governed by §§ 22-01-06.1 through 22-01-06.5 of the North Dakota Century Code, which provide:

"22-01-06.1. When notice of acceptance to guarantor or surety required.— In every case in which a manufacturer, wholesaler or distributor hereafter requires a present or prospective agent, salesman, or dealer to secure the signature of a surety or guarantor to a bond or guaranty for the purpose of delivery of merchandise to such agent, salesman or dealer, such manufacturer, wholesaler or distributor shall furnish such surety or guarantor a correct copy of the bond or obligation, together with notice of acceptance by the manufacturer, wholesaler or distributor and setting forth to such surety or guarantor his right to withdraw as herein provided, either by regis-

tered or certified mail or personal delivery prior to the first shipment of any merchandise for which such surety or guarantor might become liable.

"22-01-06.2. Surety or guarantor may withdraw within ten days.—Each surety or guarantor to any such bond or obligation shall have ten days' time after his receipt of such copy and notice during which he may give notice either by mail or personal delivery to the manufacturer, wholesaler or distributor of his withdrawal from any such bond or obligation, and shall in the event of his giving such notice of withdrawal as herein provided incur no liability under any such bond or obligation to such manufacturer, wholesaler or distributor.

"22-01-06.3. When account furnished surety or guarantor.—In every case in which the manufacturer, wholesaler or distributor is furnishing merchandise to any agent, salesman or dealer whose execution of bond or obligation to such manufacturer, wholesaler or distributor has been joined in by any surety or guarantor, such manufacturer, wholesaler or distributor shall each month during the life of such bond or obligation furnish each such surety or guarantor either by mail or personal delivery a statement showing the debit and credit items incurred and made in the account between the manufacturer, wholesaler or distributor and such agent, salesman or dealer during the immediately preceding month and the exact balance owing from the agent, salesman or dealer thereon at the date of such notice.

"22-01-06.4. Surety or guarantor may withdraw at any time.—Any such surety or guarantor may at any time give the manufacturer, wholesaler or distributor either by mail or personal delivery, notice of withdrawal from the bond or obligation to which he is a party, and such withdrawal shall be effective as of the time of the receipt of such notice by the manufacturer, wholesaler or distributor.

"22-01-06.5. Public policy.—It is hereby declared to be the public policy of the state of North Dakota that any contracts contrary to the provisions of sections 22-01-06.1 through 22-01-06.4, inclusive, and any waiver of any of the provisions thereof shall be void."

Pursuant to these statutes, Watkins sent separate letters to Mrs. Coyle and to her husband by registered mail. These letters were accompanied by registry return receipt cards which directed "Deliver to addressee only". Each letter, which was accompanied by a copy of the contract, contained a statement that Watkins had accepted the contract and a statement that the surety had ten days after the receipt of the letter from Watkins to withdraw as surety.

On October 24, 1964, Robert F. Coyle picked up both of the letters at the Selfridge Post Office. He signed the registry return receipt card addressed to him with his own signature and he signed Mrs. Coyle's name to the other registry return receipt card. When the cards were returned to Watkins' head office, the similarity of the signatures was noted and Watkins contacted the postmistress at the Selfridge Post Office to ascertain whether Mrs. Coyle, in fact, had signed the card and received the letter from Watkins addressed to her. In response to this inquiry, the Selfridge postmistress had Mrs. Coyle sign a receipt card and the postmistress then returned the card to Watkins. At the time that Mrs. Coyle signed the card she did not receive a copy of the contract or of the letter originally mailed to her by Watkins.

After receiving the card signed by Mrs. Coyle, Watkins commenced doing business with Robert F. Coyle, Jr., and furnished him with merchandise valued at $11,725.55, receiving in return $4,277.17 from him, leaving a balance of $7,142.58 owed by Robert F. Coyle, Jr., to Watkins. After ceasing to do business with Watkins, Robert E. Coyle, Jr., then moved to the State of Washington where he thereafter was adjudicated a bankrupt and, as a result, his debt to Watkins was discharged. Subsequently, Watkins instituted this suit to recover $2,000 from Mrs. Coyle.

 Mrs. Coyle's first argument on appeal is that Watkins failed to comply with §§ 22–01–06.1 through 22–01–06.5, N.D. C.C., and that, therefore, she should not be bound by the contract. We cannot agree with this contention. The statutes require that Watkins furnish Mrs. Coyle with (1) a correct copy of the contract; (2) a notice of acceptance by Watkins; and, (3) a statement that Mrs. Coyle had ten days from the date of receipt of the acceptance in which to withdraw as a surety. The statute sets out the means by which Watkins was to comply with these three requisites, that is, by registered or certified mail or personal delivery. When Watkins chose to forward to Mrs. Coyle the three items by registered mail, this court is of the opinion that Watkins complied with the requirements of the statute. Not only did Watkins send the required information to the Coyles, but Watkins also diligently checked and determined that Mrs. Coyle had not, in fact, signed the registry return receipt card which accompanied the letter addressed to her. Upon learning that Mrs. Coyle's husband had signed the first card addressed to her, Watkins secured a second card, one which Mrs. Coyle did sign. This court finds that Watkins met the statutory requirements. It would seriously disrupt business within the State if this court were to hold that a sender of registered mail could not rely on an addressee's signature on a return receipt card. Section 31–11–03, subsection 24, N.D.C.C., creates a disputable presumption "That a letter duly directed and mailed was received in the regular course of the mail". It would logically follow that there is a presumption that a registered letter properly mailed and for which a receipt card is returned was received. This court cannot say that Mrs. Coyle has satisfactorily refuted this presumption.

In the case of Brown v. Otesa, 80 N.W. 2d 92 (N.D.1957), in paragraph 2 of the syllabus, this court stated:

"Service by registered mail of a notice of expiration of the period of redemp-tion is complete when the notice directed to the proper post office address of the person to be notified is registered and deposited in the mail."

Rule 5(b) of the North Dakota Rules of Civil Procedure states:

"Service by mail is complete upon mailing."

These authorities point out the trustworthiness and reliability of the mail system and, viewed together with the language of § 22–01–06.1, N.D.C.C., satisfy this court that Mrs. Coyle was "furnished" a copy of the contract and that she received "notice" of Watkins' acceptance and of her right to withdraw as a surety.

 The trial court found that even if Watkins did not comply with the statute, Mrs. Coyle was barred from asserting the defense of noncompliance with § 22–01–06.1, N.D.C.C., because of the doctrine of equitable estoppel. Mrs. Coyle urges that this ruling was reversible error. We agree that the trial court did not err on this point. Section 31–11–06, N.D.C.C., provides:

"Estoppel by declaration, act, or omission.—When a party, by his own declaration, act, or omission, intentionally and deliberately has led another to believe a particular thing true and to act upon such belief, he shall not be permitted to falsify it in any litigation arising out of such declaration, act, or omission."

The authorities make it clear that an estoppel may arise under certain circumstances from silence or inaction as well as from words or actions. 28 Am.Jur.2d, Estoppel and Waiver § 53, p. 665 (1966). North Dakota is in accord with the majority view. In Frederick v. Frederick, 178 N.W.2d 834, 835 (N.D.1970), in paragraph 7 of the syllabus, this court stated:

"Estoppel is based upon misleading words or conduct of the one who is to be estopped, and relied upon by the party claiming the benefit of the estoppel,

**258**

which induced the one claiming estoppel to act or to refrain from acting, to his prejudice."

See also Woodside v. Lee, 81 N.W.2d 745 (N.D.1957); and Narveson v. Schmid, 77 N.D. 814, 46 N.W.2d 288 (1951). Mrs. Coyle's conduct in signing the receipt card without requesting a copy of the letter sent by Watkins led Watkins to believe that she had received the letter. Watkins relied on this conduct to its prejudice by furnishing merchandise to Robert F. Coyle, Jr., and, therefore, the doctrine of equitable estoppel applies. This view is further supported by the fact that, while Mrs. Coyle received monthly statements from Watkins for approximately three years showing the sums owed by her son, Robert F. Coyle, Jr., to Watkins, at no time did she protest or indicate that she desired to withdraw as a surety.

For the reasons stated in the opinion, the judgment of the trial court is affirmed.

STRUTZ, C. J., and ERICKSTAD, TEIGEN, and KNUDSON, JJ., concur.