The WHITE MOTOR CREDIT CORPORATION, Plaintiff,

v.

Dennis ANDERSON, Defendant.

Civ. No. 10340.

Supreme Court of North Dakota.

May 26, 1983.

Gackle, Johnson & Rodenburg, Fargo, for plaintiff; argued by Bruce D. Johnson, Fargo.

Lamb, Schaefer, McNair & Larson, Fargo, for defendant; argued by Michael D. McNair, Fargo.

ERICKSTAD, Chief Justice.

The United States District Court for the District of North Dakota, Southeastern Division, has certified, under Rule 47 of the North Dakota Rules of Appellate Procedure, the following questions of law for determination by this Court:

"1. In a business arrangement where a corporation manufactures farm equipment and has two wholly owned subsidiary corporations, one of which sells and distributes farm equipment to its dealers, and where the other operates as a financial service corporation and finances the dealers' purchases, are the requirements of North Dakota Century Code sections 22–01–06.1 and 22–01–06.3 applicable to the financial service corporation?

"2. If the answer to the foregoing question of law is in the affirmative, is a guarantor of the dealers' obligation to the financing corporation barred from asserting the defense of failure of the financing corporation to comply with the requirements of sections 22–01–06.1 and 22–01–06.3 in a situation where the guarantor is a stockholder-officer of the dealer corporation and a member of its board of directors, but not otherwise an employee of the corporation or active in the daily operation of the corporation's business?"

Having concluded that the foregoing questions of law may be determinative of the cause pending before the Federal District Court, we proceed to answer the certified questions in the context of the following facts which have been submitted to this Court.

White Motor Credit Corporation (White Credit) and White Farm Equipment Company (White Equipment) are separate corporations, both wholly-owned subsidiaries of White Motor Corporation. White Motor Corporation manufactures farm equipment. White Equipment distributes and sells the farm equipment to its dealers and White Credit, a financing corporation, finances the

dealers. James Valley Auto and Implement Company (James Implement) was a dealer of White Motor Corporation farm equipment.

On September 17, 1973, Dennis Anderson executed a Guaranty of Payment guaranteeing current and future obligations of James Implement for the extension of credit by White Equipment "and/or" White Credit. This guaranty of payment to White Equipment and White Credit was executed by Anderson on a single document.

On October 19, 1973, White Credit and James Implement executed an Agricultural Retail Finance Agreement whereby White Credit agreed to finance certain customer retail purchases of White Motor Corporation equipment from James Implement.

On June 16, 1975, James Implement executed a Wholesale Financing Agreement with White Credit and White Equipment whereby White Credit and White Equipment agreed to finance purchases of White Motor Corporation farm equipment by James Implement from White Equipment.

The plaintiff, White Credit, has sued the defendant, Anderson, on obligations of James Implement to White Credit under the 1973 Agricultural Retail Finance Agreement and the 1975 Wholesale Finance Agreement. Anderson asserts that he is not liable as a guarantor to White Credit under the September, 1973, Guaranty of Payment because, in regard to that guaranty, the notice requirements of Chapter 22–01, N.D.C.C., were not met.

The following provisions are relevant to a determination of the questions before us:

"*22–01–06.1. When notice of acceptance to guarantor or surety required.*—In every case in which a manufacturer, wholesaler or distributor hereafter requires a present or prospective agent, salesman, or dealer to secure the signature of a surety or guarantor to a bond or guaranty for the purpose of delivery of merchandise to such agent, salesman or dealer, such manufacturer, wholesaler or distributor shall furnish such surety or guarantor a correct copy of the bond or obligation, together with notice of acceptance by the manufacturer, wholesaler or distributor and setting forth to such surety or guarantor his right to withdraw as herein provided, either by registered or certified mail or personal delivery prior to the first shipment of any merchandise for which such surety or guarantor might become liable."

"*22–01–06.2. Surety or guarantor may withdraw within ten days.*—Each surety or guarantor to any such bond or obligation shall have ten days' time after his receipt of such copy and notice during which he may give notice either by mail or personal delivery to the manufacturer, wholesaler or distributor of his withdrawal from any such bond or obligation, and shall in the event of his giving such notice of withdrawal as herein provided incur no liability under any such bond or obligation to such manufacturer, wholesaler or distributor."

Under Section 22–01–06.1, N.D.C.C., a distributor who requires a dealer to secure a guaranty for the purpose of delivery of merchandise must furnish the guarantor with certain information including notice of his right to withdraw from the guaranty obligation as provided under Chapter 22–01, N.D.C.C. *See, Watkins Products, Inc. v. Coyle,* 191 N.W.2d 254 (N.D.1971). Under Section 22–01–06.2, N.D.C.C., a guarantor can, at any time within ten days after receiving the notice required under Section 22–01–06.1, N.D.C.C., withdraw from the guaranty obligation and be exonerated from any liability under it.

■ It is undisputed that the purpose of the Guaranty of Payment executed by Anderson on September 17, 1973, was, at least in part, to guaranty extensions of credit for the delivery of merchandise purchased by James Implement from White Equipment. We conclude, therefore, that the notice requirements of Section 22–01–06.1, N.D.C.C., were applicable to the September 17, 1973, Guaranty of Payment executed by Anderson.

■ It is undisputed that neither a notice of acceptance or a notice of the right to

withdraw were furnished to Anderson, as guarantor under the September 17, 1973, Guaranty of Payment. Section 22–01–06.2, N.D.C.C., provides that the guarantor has ten days after receipt of the notices required under Section 22–01–06.1, N.D.C.C., to withdraw from the guaranty. Because Anderson did not receive the required notices, his right to withdraw from the guaranty and to exonerate himself from all liability thereunder has not lapsed.

■ White Credit asserts that because it is a financing corporation and not a "manufacturer, wholesaler or distributor" it did not have to furnish Anderson with the notices required under Section 22–01–06.1, N.D.C.C., and, therefore, Anderson cannot exonerate himself from liability under that document to White Credit for White Equipment's failure to furnish the notices. White Credit's interpretation of Chapter 22–01, N.D.C.C., is unpersuasive. Anderson signed only one document guaranteeing extensions of credit to James Implement by White Equipment and White Credit. The notice provisions of Section 22–01–06.1, N.D.C.C., were applicable to that document because it involved, in part, a guaranty required by a distributor for the purpose of delivering merchandise to a dealer. Because Anderson did not receive the notices to which he was entitled under Chapter 22–01, N.D.C.C., he is permitted, under Section 22–01–06.2, N.D.C.C., to withdraw from the guaranty as though it had never been executed, thereby exonerating him from all liability to any party under that document.

■ There is an additional reason why Anderson is not liable to White Credit under the Guaranty of Payment executed by him on September 17, 1973. That document provided in relevant part:

"The liability under this Guaranty shall not be affected by the withdrawal of any guarantor or by any change in form, extension or renewal in respect to any indebtedness covered by this Guaranty.

"Notice is hereby waived of the amount, change in form, extension or renewal, or defaults in payment of Purchas-

er's indebtedness, and of the acceptance of this Guaranty by Company and/or Credit Corporation."

The foregoing language of the Guaranty of Payment document is contrary to the notice requirements under Section 22–01–06.1, N.D.C.C., and the guaranty is therefore void under Section 22–01–06.5, N.D.C.C., which provides:

"*22–01–06.5. Public policy.*—It is hereby declared to be the public policy of the state of North Dakota that any contracts contrary to the provisions of sections 22–01–06.1 through 22–01–06.4, and any waiver of any of the provisions thereof shall be void."

We hold that because White Equipment failed to furnish the guarantor, Dennis Anderson, with the statutorily required notices under Chapter 22–01, N.D.C.C., Anderson is entitled to withdraw from the guaranty and to be exonerated from all liability under it. We further hold that because provisions of the September 17, 1973, Guaranty of Payment were contrary to Section 22–01–06.1, N.D.C.C., the guaranty is void under Section 22–01–06.5, N.D.C.C.

White Credit asserts that Anderson cannot be exonerated from liability under the guaranty for failure to receive the information and notices required under Chapter 22–01, N.D.C.C., because Anderson, as stockholder, officer and director of James Implement had constructive knowledge of the credit transactions between White Credit and James Implement. White Credit's assertion is not convincing.

■ Assuming, for purposes of argument, that Anderson had actual or constructive notice of the credit transactions between White Credit and James Implement, it is undisputed that Anderson did not receive notice of his right to withdraw from the guaranty as required under Section 22–01–06.1, N.D.C.C. Consequently, under Section 22–01–06.2, N.D.C.C., Anderson, as guarantor, has ten days from the receipt of such notices to withdraw from the guaranty. Actual or constructive notice of the credit transactions between the parties does

not vitiate those provisions. Furthermore, actual or constructive knowledge of such credit transactions by the guarantor does not vitiate the effect of Section 22–01–06.5, N.D.C.C., that a contract having provisions contrary to Section 22–01–06.1, N.D.C.C., is void.

In accordance with the foregoing opinion, we answer the certified questions in the context of this case as follows: by application of the provisions of Chapter 22–01, N.D.C.C., Anderson is exonerated from any liability to White Credit under the guaranty executed by him on September 17, 1973, and any constructive or actual notice possessed by Anderson of the credit transactions between the parties does not bar him from asserting the provisions of Chapter 22–01, N.D.C.C., as a defense to his liability under the guaranty.

VANDE WALLE, PEDERSON, SAND and PAULSON, JJ., concur.