2016 ND 247

**Cory M. RICE, Plaintiff and Appellant**

v.

**Joyce NEETHER, Defendant and Appellee**

**No. 20160013**

Supreme Court of North Dakota.

Filed 12/20/2016

Ryan R. Dreyer (argued), Minnetonka, MN, and Daniel James Frisk, Fargo, ND, for plaintiff and appellant.

Paul R. Sanderson and Nils J.D. Eberhardt (argued), Bismarck, ND, for defendant and appellee.

McEvers, Justice.

[¶ 1] Cory Rice appeals the district court's judgment quieting title to real property in Joyce Neether. Because Rice failed to establish the deeds were delivered and N.D.C.C. § 47–09–06 creates a rebuttable presumption that a deed has been delivered at its date only after delivery has been separately established, we affirm.

## I

[¶ 2] Cory Rice is Joyce Neether's grandson. Joyce Neether and her late husband, Alvin Neether, raised Rice at their farm. Alvin Neether was diagnosed with ALS in 2009. Sometime before July 29, 2009, Joyce Neether contacted attorney Wayne Enget to draft a bill of sale for the purchase of personal property and two warranty deeds conveying real property to Rice, reserving a life estate in that property for the Neethers.

[¶ 3] On July 29, 2009, Enget met with the Neethers to sign the warranty deeds. At that time, Alvin Neether was terminally ill and, while he was physically unable to sign his own name, the district court found he was mentally competent to transfer property. Joyce Neether had authority through a Power of Attorney to manage Alvin Neether's real and personal property. After consulting with Enget, Joyce Neether signed the deeds on behalf of herself and Alvin Neether. Rice was not present when Joyce Neether signed the deeds. Enget told the Neethers he would record the deeds the following day, July 30, 2009.

[¶ 4] Before Enget recorded the deeds, Joyce Neether called Enget and instructed him not to record the deeds. Joyce Neether told Enget that she would call him when he was authorized to record the deeds and the bill of sale. Joyce Neether never contacted Enget to either record the deeds or deliver them to Rice.

[¶ 5] Rice testified that, some time after July 29, 2009, he came to believe he owned the property at issue based on alleged conversations he had with both Alvin Neether and Enget. Rice claimed Enget had represented him on other matters prior to 2009. Rice testified that, in 2012, Rice learned a developer planned on building a grocery and liquor store on the property he believed the Neethers had conveyed to him. Rice brought an action in district court to quiet title.

[¶ 6] After a bench trial in August 2014, the district court found Enget was acting as the Neethers' attorney when drafting the deeds, Enget was not acting as Rice's attorney, the deeds were neither actually nor constructively delivered and, therefore, no transfer of property to Rice occurred. The district court concluded N.D.C.C. § 47–09–06 does not create a rebuttable presumption that a deed is presumed to have been delivered at its date and entered judgment quieting title in favor of Joyce Neether. Rice appeals.

## II

[¶ 7] Rice argues the district court erred in quieting title in favor of Joyce Neether. According to Rice, N.D.C.C. § 47–09–06 creates a rebuttable presumption of delivery, and Joyce Neether failed to rebut the presumption. Rice also argues, even if the statutory presumption does not apply, Joyce Neether constructively delivered the deeds under N.D.C.C. § 47–09–09(2).

[¶ 8] Title 47, N.D.C.C., governs real property within North Dakota. At issue in this case is whether property was acquired by transfer under N.D.C.C. § 47–01–21(3). Section 47–10–01, N.D.C.C., generally requires a transfer of real property be in writing. Section 47–09–06, N.D.C.C., requires that a deed be delivered, providing "[a] grant takes effect so as to vest the interest intended to be transferred only upon its delivery by the grantor and is presumed to have been delivered at its date." *See Jorgensen v. Crow*, 466 N.W.2d 120, 122 (N.D. 1991) ("Absent a delivery of the deed, the deed is of no effect."). The parties agree there was no actual delivery of the deeds. Although a deed may not actually be delivered into the possession of the grantee, it may still be constructively delivered:

1. When, by the agreement of the parties, the instrument is understood to be delivered at the time of execution and the circumstances are such that the grantee is entitled to immediate delivery; or

2. When it is delivered to a stranger for the benefit of a grantee and the grantee's assent is shown or may be presumed.

N.D.C.C. § 47–09–09.

[¶ 9] Resolving these issues involves a mixed question of law and fact. Statutory interpretation is a question of law, which this Court reviews de novo. *Olson v. Job Service*, 2013 ND 24, ¶ 3, 827 N.W.2d 36. "The question of whether there was actual or constructive delivery of a deed is a question of fact." *Jorgensen*, 466 N.W.2d at 122 (citing *First Nat'l Bank v. Bloom*, 264 N.W.2d 208, 210 (N.D. 1978)). Findings of fact shall not be set aside unless clearly erroneous. N.D.R.Civ.P. 52(a). " 'A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made.' " *Dronen v. Dronen*, 2009 ND 70, ¶ 7, 764 N.W.2d 675 (quoting *Jelsing v. Peterson*, 2007 ND 41, ¶ 11, 729 N.W.2d 157).

A.

[¶ 10] Rice argues N.D.C.C. § 47–09–06 creates a rebuttable presumption that a deed is presumed to have been delivered at its date. When interpreting a statute, we first look to the language itself and determine whether it is unambiguous on its face. *Hiltner v. Owners Ins. Co.*, 2016 ND 45, ¶ 5, 876 N.W.2d 460. As this Court explained in *Rasnic v. ConocoPhillips Co.*:

Words in a statute are given their plain, ordinary, and commonly under-stood meaning unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1–02–07. If the language of a statute is clear and unambiguous, the letter of the statute must not be disregarded under the pretext of pursuing its spirit. N.D.C.C. § 1–02–05. If the language of a statute is ambiguous, however, a court may resort to extrinsic aids to determine the intention of the legislation, including the object sought to be attained, the circumstances under which the legislation was enacted, and the legislative history. N.D.C.C. § 1–02–39. A statute is ambiguous if it is susceptible to different, rational meanings.

2014 ND 181, ¶ 14, 854 N.W.2d 659. In enacting a statute, it is presumed that "[a] just reasonable result is intended." N.D.C.C. § 1–02–38(3).

[¶ 11] Section 47–09–06, N.D.C.C., provides: "A grant takes effect so as to vest the interest intended to be transferred only upon its delivery by the grantor and is presumed to have been delivered at its date." The plain language requires that to effectuate the transfer of real property, the grantee must first establish "delivery by the grantor" and, thereafter, a presumption arises that the delivered grant "is presumed delivered at its date." Contrary to Rice's argument, the "delivery" is not presumed under the plain language of the statute. Rather, the presumption arises after delivery has been proven to determine the date of delivery, which presumption can be overcome by evidence. *See Leonard v. Fleming*, 13 N.D. 629, 102 N.W. 308 (1905) (holding "[t]he *time* of the delivery of the deed is not shown by independent evidence.... In the absence of evidence to overthrow the pre-

sumption of delivery as of the date of the deed, the deed speaks for itself, and *determines the time of delivery*."[1] *Id.* at 309 (citations omitted) (emphasis added)). Delivery must be proven, based on the circumstances presented. *See O'Brien v. O'Brien*, 19 N.D. 713, 125 N.W. 307 (1910); *see also Black v. Black*, 58 N.D. 501, 226 N.W. 485 (1929); *McGuigan v. Heuer*, 66 N.D. 710, 268 N.W. 679 (1936); *Keefe v. Fitzgerald*, 69 N.D. 481, 288 N.W. 213 (1939); *Shuck v. Shuck*, 77 N.D. 628, 44 N.W.2d 767 (1950); *Adams v. Little Missouri Minerals Ass'n*, 143 N.W.2d 659 (N.D. 1966); *Frederick v. Frederick*, 178 N.W.2d 834 (N.D. 1970); *CUNA Mortg. v. Aafedt*, 459 N.W.2d 801 (N.D. 1990). The district court correctly concluded a presumption of delivery does not arise under N.D.C.C. § 47–09–06.

### B.

[¶ 12] Rice argues, even if delivery is not presumed, the evidence shows constructive delivery. Both parties agree there was no constructive delivery under N.D.C.C. § 47–09–09(1) because there was no agreement of the parties that Rice was entitled to immediate delivery of the deed. Relevant here is whether the deeds were constructively delivered by delivering "to a stranger for the benefit of a grantee and the grantee's assent is shown or may be presumed." N.D.C.C. § 47–09–09(2). As the grantee, Rice had the burden to prove delivery. *See Black*, 226 N.W. at 489.

[¶ 13] Whether a delivery occurred "is a question of fact to be found from all the circumstances surrounding the transaction." *O'Brien*, 125 N.W. at 308. A finding of fact is subject to the clearly erroneous standard of review. *Jorgensen*, 466 N.W.2d at 122; N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous "if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made." *Kelly v. Kelly*, 2002 ND 37, ¶ 15, 640 N.W.2d 38 (citing *Mosbrucker v. Mosbrucker*, 1997 ND 72, ¶ 5, 562 N.W.2d 390). The burden lies with the party asserting title "to show that the deeds were constructively delivered." *Magoffin v. Watros*, 45 N.D. 406, 178 N.W. 134, 136 (1920).

[¶ 14] "Delivery of a deed may be by words or acts or both combined." *Keefe v. Fitzgerald*, 69 N.D. 481, 288 N.W. 213, 214 (1939). "An indispensible [sic] element to be considered in determining whether a deed has been delivered is the intention of the grantor." *Id.* (citing *Arnegaard v. Arnegaard*, 7 N.D. 475, 75 N.W. 797 (1898); *O'Brien*, 125 N.D. at 713, 125 N.W. 307; *Magoffin*, 178 N.W. at 134; *McGuigan*, 268 N.W. 679. "Words or conduct of the grantor evidencing his intention to render his deed presently operative and effectual so as to vest the estate in the grantee, and to surrender control over the title, is necessary and sufficient to constitute a valid delivery." *Shuck*, 44 N.W.2d at 772 (quotation marks omitted) (citation omitted)). "When the grantor shows that he parts with all control of the deed and leaves it with a third person as the agent of the grantee, the delivery is effected." *McGuigan*, 268 N.W. at 681. Essentially, Rice argues constructive delivery is established because Enget was either acting as his attorney or was acting as a stranger for his benefit under N.D.C.C. § 47–09–09(2).

### 1.

[¶ 15] Rice argues Enget was his attorney acting as an agent on his

---

1. At the time this Court rendered its opinion in *Leonard v. Fleming*, the relevant statute provided "*a grant duly executed* is presumed to be delivered at its date." *Id.* at 309 (citing section 3516, Rev. Codes 1899 (section 3230 Comp. Laws)).

behalf, and the Neethers gave the deeds to Enget with the intent to deliver it. In an attorney-client relationship, "[a] fiduciary relationship exists when one is under a duty to act for, or to give advice for the benefit of another upon matters within the scope of the relationship." *Nesvig*, 2004 ND 37, ¶ 20, 676 N.W.2d 73 (citing *Estate of Lutz*, 1997 ND 82, ¶ 32, 563 N.W.2d 90). The existence of an attorney-client relationship is a question of fact. *Moen v. Thomas*, 2001 ND 110, ¶ 13, 628 N.W.2d 325.

[¶ 16] Rice argues Enget acted on his behalf in 2009 in drafting the deed, and in 2007 or 2008 with a legal matter concerning Rice's purchase of a café. Rice claims his belief created an attorney-client relationship, that relationship made Enget Rice's agent for any future transactions that could benefit him, even if he was unaware of it, and Joyce Neether delivered the deeds to Enget on Rice's behalf. We cannot agree with Rice's interpretation.

[¶ 17] Here, it is undisputed that Rice knew Enget went to the Neethers' residence on July 29, 2009, but was unaware the purpose was to sign these deeds. The district court found "[a]t all times during this action Attorney Enget was acting as an attorney for the Neethers and was not acting as an attorney for Rice." Rice asked Enget some questions regarding a separate matter. Rice never signed a fee agreement or paid Enget, and Enget never prepared any documents for Rice. Because the district court found there was no attorney-client relationship between Rice and Enget, there could be no agency relationship.

[¶ 18] Here, it is undisputed that Enget had possession of the deeds, and the district court found he was acting as Joyce Neether's attorney. In deciding whether Joyce Neether delivered the deed, the district court stated:

> [T]he deeds were delivered from the Neethers to their own attorney/agent with the understanding that they would not be delivered until the next day. While these documents may have left their possession, they were still under their direct control as Attorney Enget was bound to follow his client's instructions so long as they did not violate any law or other ethical obligation he may owe under the Rules of Professional Conduct.

The district court found that while the deeds were not in Joyce Neether's physical possession, she still had dominion or control over them through her attorney. This Court will only overturn the district court's finding "if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made." *Kelly*, 2002 ND 37, ¶ 15, 640 N.W.2d 38. Evidence in this record supports the district court's findings that Enget was not acting as Rice's attorney and was acting as Neether's attorney. Therefore, the district court's finding is not clearly erroneous.

[¶ 19] Furthermore, intent is an indispensable element of delivery. *See Keefe*, 288 N.W. at 214. Here, the district court found "the ultimate intent of the Neethers was that they did not wish to deliver the deeds to Rice." At trial, Enget testified that on July 29, 2009, he told the Neethers he would record the deeds the next day, July 30, 2009. He also testified the Neethers did not object to the recording of the deeds. However, as Enget confirmed at trial, nothing indicated that the Neethers acquiesced to Enget's plan that he was going to take the deeds and record them the next day. As Joyce Neether's attorney, Enget was obligated to follow his client's instructions. The only explicit in-

structions Joyce Neether gave Enget occurred during the phone conversation on July 30, when she told him not to record the deeds. Rice argues Joyce Neether's failure to object to Enget's plan of recording the deeds the following day proves her intent to deliver the deeds to Rice. However, the district court found Joyce Neether's lack of direction to Enget showed she did not have the requisite intent to deliver the deeds. Under the clearly erroneous standard of review, "we do not reweigh the evidence or reassess the credibility of witnesses." *Wolt v. Wolt*, 2010 ND 26, ¶ 7, 778 N.W.2d 786. The district court's findings that the deeds never left Joyce Neether's control and the Neethers lacked intent to deliver the deeds to Rice is supported by the record and, therefore, not clearly erroneous.

### 2.

[¶ 20] Rice argues Enget was acting as a stranger under N.D.C.C. § 47–09–09(2) and the evidence shows the Neethers intended to deliver the July 29, 2009, deed to him. By finding Joyce Neether retained possession of the deeds through her attorney, the district court also disposed of the issue of whether Enget was acting as a stranger for the purposes of constructive delivery. Under N.D.C.C. § 47–09–09(2), for there to be constructive delivery, a deed must be "delivered to a stranger for the benefit of a grantee and his assent is shown or may be presumed." It is clear Enget was not a stranger to Joyce Neether, and it was not clearly erroneous for the district court to find the deeds held by Enget were not constructively delivered to Rice.

### III

[¶ 21] Because Rice failed to establish the deeds were delivered and N.D.C.C. § 47–09–06 creates a rebuttable presumption that a deed has been delivered at its date only after delivery has been separately established, we affirm.

[¶ 22] Carol Ronning Kapsner

Dale V. Sandstrom

Daniel J. Crothers

Gerald W. VandeWalle, C.J.