# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2019 ND 243

Curtis R. Trulson and Lesley D. Trulson,     Plaintiffs and Appellants

     v.

John Anthony Meiers, Jean R. Meiers,
Evan J. Meiers and Lauren B. Meiers,     Defendants and Appellees

### No. 20190035

Appeal from the District Court of Mountrail County, North Central Judicial District, the Honorable Todd L. Cresap, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Erich M. Grant, Minot, ND, for plaintiffs and appellants.

Erin M. Conroy, Bottineau, ND, for defendants and appellees.

**McEvers, Justice.**

[¶1]   Curtis and Lesley Trulson appeal a judgment quieting title to a mineral royalty interest in John ("Tony") and Jean Meiers.  The district court ruled a royalty deed from the Meiers was not delivered and did not convey a royalty interest to the Trulsons.  We conclude the district court misapplied the law because the Meiers failed to rebut the presumption that the deed was delivered to the Trulsons.  We reverse and remand for entry of judgment consistent with this opinion.

I

[¶2]   In January 1982, the Meiers executed a warranty deed conveying a quarter of land in Mountrail County to the Trulsons.  The deed stated "[n]o minerals are transferred by this conveyance."  In June 1982, the Meiers executed a royalty deed conveying a one-twelfth (1/12) royalty interest in the minerals under the property to the Trulsons.  The royalty deed was not notarized and was not recorded by the Trulsons until December 2008.

[¶3]   In April 2017, the Trulsons sued the Meiers claiming ownership of the mineral royalty interest.  The Trulsons argued the Meiers conveyed the royalty interest under the June 1982 royalty deed.  The Meiers asserted the statute of limitations barred the Trulsons' claim, and the Trulsons could not prove the Meiers delivered the royalty deed to them.  The district court denied both parties' motions for summary judgment, concluding there was a genuine issue of material fact on delivery of the royalty deed.

[¶4]   Curtis Trulson introduced the royalty deed into evidence at a bench trial and testified that Tony Meiers delivered the deed to him in June 1982.  Trulson testified the parties discussed the conveyance of a mineral royalty interest as part of the purchase of the surface estate.  Tony and Jean Meiers both testified that the deed contained their signatures but they did not remember delivering the deed to the Trulsons.  Jean Meiers testified that

the Meiers did not intend to convey a mineral interest and the Trulsons may have obtained the deed by accident.

[¶5]   After trial, the district court found the Meiers did not intend to convey a mineral royalty interest to the Trulsons. The court entered a judgment quieting title to the disputed royalty interest in the Meiers.

## II

[¶6]   The Trulsons argue the district court erred in quieting title to the mineral royalty interest in the Meiers. They claim the court misapplied the law in making its decision. We agree.

[¶7]   Whether there was delivery of a deed is a question of fact. *Rice v. Neether*, 2016 ND 247, ¶ 9, 888 N.W.2d 749. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if this Court, on reviewing the entire evidence, is left with a definite and firm conviction a mistake has been made. *Id.* at ¶ 9.

[¶8]   Conveyance by deed takes effect upon delivery of the deed by the grantor. *CUNA Mortg. v. Aafedt*, 459 N.W.2d 801, 803-04 (N.D. 1990) (citing N.D.C.C. § 47-09-06). "Absent a delivery of the deed, the deed is of no effect." *CUNA Mortg.*, at 804. Delivery must be proven on the basis of the circumstances presented. *Rice*, 2016 ND 247, ¶ 11, 888 N.W.2d 749.

[¶9]   A primary element to be considered in deciding whether a deed has been delivered is the intention of the grantor. *Rice*, 2016 ND 247, ¶ 14, 888 N.W.2d 749. Although intent must be considered, "possession of the deed [by the grantee] presumes a situation which must be rebutted, and, where the manual giving of the deed to the grantee is otherwise unexplained, the law presumes the grantor intended a delivery of the deed so as to pass title." *Cox v. McLean*, 66 N.D. 696, 703, 268 N.W. 686, 688 (1936); *see also* 23 Am. Jur. 2d *Deeds* § 136 ("A strong presumption of delivery of a deed arises from its possession by the grantee or one claiming under the grantee."). "[T]he evidence to overcome the presumption that a deed in the possession of a grantee was delivered to and accepted by the grantee must be clear and

convincing." *Adams v. Little Missouri Minerals Ass'n*, 143 N.W.2d 659, 676 (N.D. 1966) (citing *Cox*, 66 N.D. at 701-02, 268 N.W. at 688).

[¶10] In denying both parties' summary judgment motions before trial, the district court concluded there was "a genuine issue of material fact on delivery of the [royalty] deed." The parties testified at trial about the circumstances surrounding the royalty deed and the earlier warranty deed conveying the surface estate. Despite the court's conclusion that a factual dispute existed on the delivery of the royalty deed, the order following trial discussed reformation of the January 1982 warranty deed relating to the conveyance of the surface estate. The Trulsons' complaint did not seek reformation of the warranty deed. They claimed ownership of the royalty interest under the royalty deed from the Meiers. The court's finding that the Meiers did not intend to convey a royalty interest to the Trulsons ignored the Trulsons' possession of the deed and the presumption that the Meiers delivered the deed. The court failed to find whether the Meiers rebutted the presumption of delivery with clear and convincing evidence.

[¶11] The district court found the Meiers did not intend to convey a mineral interest on the basis of inconsistencies in the circumstances surrounding the warranty deed and the royalty deed. The court noted that the parties executed the warranty deed in a law office and the Trulsons recorded the deed in March 1982. The court found the royalty deed less reliable because the Meiers had no recollection of signing the deed, the deed was not witnessed or notarized, and the Trulsons did not record the deed until 2008. That the royalty deed was not notarized or recorded does not affect the validity of the deed between the parties. *See Amann v. Frederick*, 257 N.W.2d 436, 440 (N.D. 1977) ("As between the parties, it is immaterial that an instrument in writing subscribed by the parties and affecting real estate is not acknowledged."); *Desert Partners IV, L.P. v. Benson*, 2016 ND 37, ¶ 12, 875 N.W.2d 510 ("An unrecorded instrument is valid between the parties to the instrument.").

[¶12] Curtis Trulson testified that the parties discussed the conveyance of a mineral royalty interest and Tony Meiers delivered the royalty deed in

June 1982. The district court found Curtis Trulson's testimony unreliable. However, even if Trulson's testimony is disregarded, the presumption of delivery still applies because Trulson had possession of the deed. Tony Meiers testified he recalled discussing the royalty interest conveyance with Curtis Trulson when the Trulsons purchased the surface estate. Tony Meiers testified that his signature is on the royalty deed but he did not remember signing it or delivering it to Curtis Trulson. Jean Meiers also testified that her signature is on the deed but she did not know how the Trulsons obtained the deed. She testified delivery of the deed to the Trulsons may have been accidental. Neither Tony nor Jean Meiers testified the Trulsons obtained the deed by fraud, undue influence, or duress.

[¶13] The Meiers testified that they did not intend to convey a royalty interest but could not otherwise explain how the Trulsons obtained the deed. The Meiers only provided speculative testimony that delivery to the Trulsons may have been accidental. After a thorough review of the record, we conclude as a matter of law the Meiers failed to rebut with clear and convincing evidence the presumption that the royalty deed was delivered to and accepted by the Trulsons. We therefore reverse the judgment quieting title in the Meiers and remand for entry of judgment quieting title to the one-twelfth mineral royalty interest in the Trulsons.

III

[¶14] We have considered the parties' remaining arguments and conclude they are either without merit or not necessary to our decision. The judgment is reversed and remanded for entry of judgment quieting title in the Trulsons.

[¶15] Lisa Fair McEvers
    Daniel J. Crothers
    Jerod E. Tufte
    Jon J. Jensen
    Gerald W. VandeWalle, C.J.

4