# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2019 ND 274

State of North Dakota,                                       Plaintiff and Appellee

     v.

Jeremy Michael Maines,                              Defendant and Appellant

### Nos. 20180395 & 20180396

Appeal from the District Court of Mountrail County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Wade G. Enget, State's Attorney, Stanley, ND, for plaintiff and appellee.

Ashley K. Schell, Fargo, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]  Jeremy Maines appeals from the district court's amended criminal judgments and finding he is a habitual offender.  We affirm.

I

[¶2]  In April 2017, Maines was charged with robbery and theft of property.  The State later charged Maines with four counts of terrorizing.  The State filed notices alleging Maines was subject to imposition of an enhanced sentence as a habitual offender under N.D.C.C. § 12.1-32-09(2), based on prior felony convictions in the state of Washington.  In July 2018, Maines plead guilty to robbery and four counts of terrorizing.  On October 25, 2018, the district court held a hearing to determine whether Maines was a habitual offender under N.D.C.C. § 12.1-32-09(1)(c).  The district court found Maines was a habitual offender because his prior convictions in Washington were felonies that occurred while he was an adult.  The court sentenced Maines to 20 years with 8 years suspended for 5 years for the robbery charge.  Maines was sentenced to 5 years on each count of the terrorizing charges, to run concurrently with each other and the previous sentence.  On October 26, 2018, the court entered judgments consistent with the sentence.  Maines appeals.

II

[¶3]  Maines argues on appeal the district court abused its discretion by sentencing him as a habitual offender.  Specifically, he claims his prior convictions are misdemeanors under North Dakota law and do not apply under the habitual offender statute.

[¶4]  "A district court has discretion in sentencing, and review of a sentence is generally limited 'to whether the court acted within the statutorily prescribed sentencing limits or substantially relied on an impermissible factor.'"  *State v. Clark*, 2012 ND 135, ¶ 18, 818 N.W.2d 739 (quoting *State v. Gonzalez*, 2011 ND 143, ¶ 6, 799 N.W.2d 402).  This Court reviews habitual offender

1

proceedings under N.D.C.C. § 12.1-32-09 and the application of a sentence enhancement for an abuse of discretion. *Clark*, at ¶ 18. "A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law." *State v. Cain*, 2011 ND 213, ¶ 16, 806 N.W.2d 597 (quoting *State v. Carpenter*, 2011 ND 20, ¶ 22, 793 N.W.2d 765).

[¶5] To determine whether the district court abused its discretion in sentencing, we must look to the application of the habitual offender statute. "Statutory interpretation is a question of law, which this Court reviews de novo." *Rice v. Neether*, 2016 ND 247, ¶ 9, 888 N.W.2d 749. "In construing statutes, the specific controls the general." *McKenzie Cty. v. Reichman*, 2012 ND 20, ¶ 18, 812 N.W.2d 332; N.D.C.C. § 1-02-07.

[¶6] Maines does not dispute he has prior convictions in Washington. Maines argues his prior convictions are misdemeanors under N.D.C.C. § 12.1-32-02(9) for the purpose of determining whether he was a habitual offender. N.D.C.C. § 12.1-32-02(9) states:

> A person who is convicted of a felony and sentenced to imprisonment for not more than three hundred sixty days is deemed to have been convicted of a misdemeanor. However, if an order is entered revoking a term of probation that was imposed as part of a sentence, the person is deemed to have been convicted of a felony.

[¶7] Maines was convicted in Washington of second degree theft in 1994, and faced a maximum possible penalty of 5 years. Maines was sentenced to 60 days with 12 months of probation. Maines' second Washington conviction was in 1996 for second degree burglary, and the maximum penalty Maines could have faced was 10 years. Maines was sentenced to 9 months with 12 months of probation. There was no information in the record whether Maines' probation was revoked.

[¶8] Maines contends because both of his Washington convictions included sentences that were less than 360 days and there was no evidence presented

2

that his probation was revoked, both convictions should be considered misdemeanors under N.D.C.C. § 12.1-32-02(9).

[¶9]  The district court may extend an offender's sentence if the offender is found to be a habitual offender under N.D.C.C. § 12.1-32-09, which states, in relevant part:

> 1.  A court may sentence a convicted offender to an extended sentence as a dangerous special offender or a habitual offender in accordance with this section upon a finding of any one or more of the following:
> . . .
> c.  The convicted offender is a habitual offender.  The court may not make such a finding unless the offender is an adult and has previously been convicted in any state or states or by the United States of two felonies of class C or above committed at different times when the offender was an adult.  For the purposes of this subdivision, a felony conviction in another state or under the laws of the United States is considered a felony of class C or above if it is *punishable* by a maximum term of imprisonment of five years or more.

(Emphasis added.)

[¶10] The issue here is whether N.D.C.C. § 12.1-32-02(9) applies to make Maines' Washington convictions misdemeanors based on the length of his sentences for those convictions.  "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained."  N.D.C.C. § 1-02-02.  Section 12.1-32-09, N.D.C.C., specifically refers to convictions in another state and defines a felony in another state as "if it is punishable by a maximum term of imprisonment of five years or more."

[¶11] A plain reading of N.D.C.C. § 12.1-32-09 contains no reference to actual time served, rather it refers to the maximum possible term of imprisonment.  Even assuming N.D.C.C. § 12.1-32-02(9) may apply to out of state convictions whereby felonies could be deemed misdemeanors for another purpose, N.D.C.C. § 12.1-32-09 specifically defines what constitutes an out of state

3

felony conviction for purposes of sentencing as a habitual offender. The specific controls the general and "punishable" does not have the same meaning as "punished."

[¶12] This case is similar to *Peltier v. U.S.*, 867 F.2d 1125 (8th Cir. 1989). Peltier received an enhanced federal sentence because he had previously been convicted of three prior offenses each "punishable . . . by death or imprisonment in excess of one year" under North Dakota state law. *Id.* at 1127. Peltier argued his charge of unauthorized use of a motor vehicle should not be considered for enhancement, as North Dakota considered it a misdemeanor. *Id.* The Eighth Circuit concluded "[w]hether North Dakota chooses to label an offense as a misdemeanor or a felony after completion of a particular sentence is of secondary importance; what matters is the potential penalty which the offense carries under state law." *Id.*

[¶13] Maines' prior convictions had potential punishable sentences of at least five years, as required by the statute to be considered a felony for a habitual offender. Like *Peltier*, what matters is the potential penalty which the offense carries under state law.

### III

[¶14]   The district court's amended judgments are affirmed.

[¶15] Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Gerald W. VandeWalle, C.J.

4